IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
2096 Walsh Ave, Ste C1
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>Plaintiff,<br><br>v.<br><br>WINDSOR FASHIONS, LLC, a Delaware limited liability company,<br><br>Defendant. | **Case No.** 26-cv-12782<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Plaintiff JAMES ALGER ("Plaintiff") complains of Defendant WINDSOR FASHIONS, LLC, a Delaware limited liability company ("Defendant"), and alleges as follows:

**INTRODUCTION**

1. This is a civil rights action under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA"), to end disability discrimination at the Windsor women's clothing store located at 112 Plaza Dr #274, West Covina, CA 91790, within the Plaza West Covina shopping center (the "Store").

2. Plaintiff has a mobility disability and uses a mobility scooter and a wheelchair. When he shopped at the Store using his mobility scooter, Defendant had placed clothing racks, display fixtures, and tables so close together, and allowed merchandise and fixture components to protrude so far into the aisles, that the paths of travel through the sales floor were too narrow for him to use. He was forced to stop, reposition, and back up repeatedly and could not move freely through the Store.

3. Plaintiff seeks an injunction requiring Defendant to provide and maintain accessible paths of travel throughout the Store, declaratory relief, and an award of reasonable attorneys' fees, litigation expenses, and costs.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claim arises under the ADA, a law of the United States providing for the protection of civil rights.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the Store is located in the County of Los Angeles, within this District, and the events and omissions giving rise to Plaintiff's claim occurred here.

## PARTIES

6. Plaintiff suffers from Charcot-Marie-Tooth disease ("CMT"), an inherited disorder affecting the peripheral nerves that control muscle function and sensation. The condition has caused progressive loss of strength and feeling in his hands, arms, legs, and feet, and was significantly accelerated by a prior work injury. As a result, Plaintiff is substantially limited in his ability to walk and experiences considerable difficulty with fine motor tasks. He relies on a wheelchair or scooter for mobility and drives a vehicle equipped with hand controls. Plaintiff has continuously maintained a permanent disabled parking placard issued by the State of California since approximately 1994. Accordingly, Plaintiff is a person with a disability within the meaning of the ADA. Plaintiff is a resident of Porter Ranch, California.

7. Defendant WINDSOR FASHIONS, LLC is a Delaware limited liability company. Defendant is a retailer of women's apparel and accessories. Plaintiff is informed and believes, and on that basis alleges, that Defendant owns, leases, and/or operates the Store, which is licensed by the City of West Covina as "Windsor Fashions #10," and that Defendant owns and controls the Store's merchandise racks, display fixtures, and other equipment.

## FACTUAL ALLEGATIONS

8. The Store is a clothing store open to the public. It is a "sales or rental establishment" and therefore a "place of public accommodation" under 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104, and its operations affect commerce.

9. Customers browse the Store's merchandise by traveling along aisles and paths of travel between clothing racks, display tables, and fixtures on the sales floor, and must use those paths of travel to reach merchandise and the sales and service counter.

10. On November 13, 2025, Plaintiff visited Plaza West Covina with his adult

son, who lives near the shopping center. They planned to spend the day at the mall, shop for holiday gifts, and have lunch together. While at the mall, Plaintiff went into the Store to look through its clothing for gifts. During the visit, Plaintiff was using his mobility scooter.

11. Inside the Store, Plaintiff encountered difficulty moving through the Store on his mobility scooter because the clothing racks and displays were positioned so close together that the aisles between them were too narrow for him to pass through. In multiple areas, hanging clothing and fixture components extended into the aisles and narrowed the available clear width even further.

12. As Plaintiff attempted to browse, he was forced to move slowly and carefully, and he repeatedly had to stop, adjust his position, and back up his scooter to avoid catching on hanging merchandise or striking the displays. Because of these conditions, Plaintiff could not move freely through the Store or reach different sections of the sales floor without encountering obstructions. These barriers caused Plaintiff difficulty, discomfort, and frustration and denied him full and equal access to the Store’s goods and services.



13. Plaintiff made a purchase at the Store that day, as reflected in his receipt and his credit card records. Photographs taken during Plaintiff's visit depict Plaintiff on his scooter in the narrow, obstructed aisles described above.

14. The barriers described above relate to Plaintiff's disability. Because Plaintiff uses a mobility scooter and a wheelchair, he requires aisles and paths of travel that provide a sufficient continuous clear width, free of protruding fixtures and merchandise, in order to travel through the Store and reach its merchandise. The narrow and obstructed aisles denied him that access.

15. On June 4, 2026, an investigator retained on Plaintiff's behalf visited the Store, measured the clear width of the aisles and paths of travel on the sales floor, and photographed the conditions. The investigator recorded the following clear widths at ten locations along the paths of travel through the sales floor: 22 inches (two locations), 24 inches (two locations), 26 inches (two locations), 29 inches, 30 inches, 32 inches, and 33 inches.

16. None of the measured aisles provided the 36-inch minimum clear width required for an accessible route. Eight of the ten measured locations were narrower than 32 inches.[1]

17. Plaintiff is informed and believes, and on that basis alleges, that the barriers continue to exist as of the filing of this Complaint.

18. The barriers described above are the product of how Defendant arranges and stocks the sales floor. They can be removed easily and without much difficulty or expense—for example, by rearranging, reducing the number of, or re-spacing the clothing racks, tables, and display fixtures, and by keeping merchandise and

---

[1] The clear width of a 36-inch walking surface may narrow to 32 inches for a maximum length of 24 inches, provided that these narrower segments are separated by wider sections that are at least 48 inches long and 36 inches wide. 2010 ADA Standards, Section 403.5.1, Exception.

fixture components from protruding into the aisles. The United States Department of Justice expressly identifies “[r]earranging tables, chairs, vending machines, display racks, and other furniture” as an example of readily achievable barrier removal. 28 C.F.R. § 36.304(b)(4).

19. Plaintiff is informed and believes, and on that basis alleges, that Defendant operates a chain of retail stores and has ample financial resources to remove the barriers at the Store.

20. Removing the barriers would let Plaintiff and other customers who use wheelchairs and mobility scooters move through the Store and reach its merchandise independently, as customers without disabilities can. The cost of doing so is minimal: Defendant need only rearrange or reduce its clothing racks, tables, and fixtures and keep merchandise out of the aisles, which requires no structural alteration and little or no expense. Accordingly, the costs of removing the barriers do not outweigh the benefits, and removal is readily achievable.

21. Plaintiff is further informed and believes, and on that basis alleges, that the barriers result from Defendant’s policies, practices, and procedures governing the placement of fixtures and the stocking of merchandise on the sales floor, which do not require that accessible paths of travel be provided or maintained, and from Defendant’s failure to maintain in operable working condition the accessible features required by the ADA.

22. Plaza West Covina is one of the places Plaintiff visits when spending time with his son, who lives nearby, and Plaintiff would like to return to the Store to shop. Plaintiff is currently deterred from returning because he knows the Store’s aisles are inaccessible to him. Plaintiff will return to the Store to shop once the barriers described herein have been removed.

23. Plaintiff is informed and believes, and on that basis alleges, that the Store contains additional barriers related to his disability that he has not yet personally

encountered. Plaintiff seeks to have all barriers related to his disability removed and intends to amend this Complaint, following a site inspection, to identify any such additional barriers.

**CLAIM FOR RELIEF**

**Violation of Title III of the Americans with Disabilities Act of 1990**

**(42 U.S.C. § 12181 *et seq.*)**

**(Against Defendant)**

24. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

25. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26. Defendant owns, leases, and/or operates the Store, which is a place of public accommodation.

27. Defendant discriminated against Plaintiff on the basis of disability, in violation of the ADA, including by:

(a) failing to remove architectural barriers in the Store where such removal is readily achievable;

(b) in the alternative, if removal of any barrier is not readily achievable, failing to make the Store's goods and services available through alternative methods that are readily achievable;

(c) failing to make reasonable modifications in policies, practices, and procedures, including those governing the placement of fixtures and the stocking of merchandise, when such modifications are necessary to afford Plaintiff access to the Store's goods and services;

(d) to the extent the Store was designed and constructed for first occupancy after January 26, 1993, or was altered after January 26, 1992, failing to design, construct, or alter the Store so that it is readily accessible to and usable by individuals with disabilities; and

(e) failing to maintain in operable working condition the features of the Store that are required to be readily accessible to and usable by persons with disabilities.

28. Both the 1991 ADA Standards for Accessible Design and the 2010 ADA Standards for Accessible Design require that accessible routes, including aisles and paths of travel through a sales floor, provide a minimum clear width of 36 inches, which may be reduced to no less than 32 inches only for short distances. These standards also guide what barrier removal is required at existing facilities.

29. The aisles and paths of travel through the Store's sales floor, which measure as little as 22 inches in clear width, fail to comply with these requirements and constitute architectural barriers that deny Plaintiff and other persons who use wheelchairs and mobility scooters full and equal access to the Store.

30. Defendant's discrimination is ongoing. Plaintiff is being subjected to discrimination on the basis of disability and has reasonable grounds to believe that he will continue to be subjected to discrimination unless and until Defendant is enjoined.

31. Under 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, Plaintiff is entitled to recover his reasonable attorneys' fees, litigation expenses, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

1. For a declaration that Defendant violated Title III of the ADA at the Store as alleged herein;

2. For a permanent injunction requiring Defendant to remove the architectural barriers described herein and to provide and maintain aisles and paths of travel throughout the Store that comply with the ADA Standards for Accessible Design, and to adopt and implement policies, practices, and procedures that ensure fixtures and merchandise are placed and stocked so as to maintain those accessible paths of travel;

3. For reasonable attorneys' fees, litigation expenses, and costs of suit; and

4. For such other and further relief as the Court deems just and proper.

Date: October 31, 2026

ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
By: IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER